Mattie NEWELL, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 02–7391.

United States Court of Appeals, Federal Circuit.

DECIDED: May 28, 2003.

Rehearing Denied July 30, 2003.

Rehearing and Rehearing En Banc Denied Aug. 5, 2003.

Before LOURIE, LINN, and PROST, Circuit Judges.

DECISION

LINN, Circuit Judge.

Mattie Newell appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans' Appeals ("Board") denying her request for an effective date earlier than June 1, 1993, for the payment of death pension benefits. *See Newell v. Principi*, No. 99–2160 (Vet.App. May 6, 2002). Because Ms. Newell's appeal does not raise an issue falling within this court's jurisdiction, we *dismiss*.

BACKGROUND

Ms. Newell married veteran Eddie Newell in 1947. The two separated in 1957.

In 1958, Ms. Newell gave birth to a child who was not the veteran's child. Following the veteran's death in 1963, Ms. Newell filed an application for a widow's pension. The regional office denied Ms. Newell's claim on the basis that Ms. Newell was not without fault in the separation from the veteran. Ms. Newell appealed to the Board, and the Board affirmed the denial of her claim in July 1964. From 1964 to 1993, Ms. Newell and the regional office exchanged correspondence about the denial of the widow's pension. The regional office routinely informed Ms. Newell that without new and material evidence, the Board's decision would remain final.

On May 13, 1993, the Veterans Court decided the case of *Gregory v. Brown*, 5 Vet.App. 108 (1993). The court held that under the relevant statutes and regulations regarding surviving spouse benefits, fault or the absence of fault is to be determined based on an analysis of conduct at the time of an applicant's separation from a veteran. *Id.* at 112. In June 1994, the Department of Veterans Affairs amended 38 C.F.R. § 3.53(a) to reflect the court's holding in *Gregory* and made the amendment effective as of the date of the *Gregory* decision. *See* 59 Fed.Reg. 32,658 (1994). Ms. Newell reopened her claim in September 1993. The regional office, relying on the *Gregory* decision, held that Ms. Newell was not at fault in the initial separation from the veteran and eventually awarded her death pension benefits effective June 1, 1993.

Ms. Newell complained to the regional office that the effective date should have been 1963. The regional office denied the request, informing Ms. Newell that she was receiving benefits effective the first of the month after the change in the law. Ms. Newell eventually appealed the effective date issue to the Board. She argued that her claim remained open throughout the exchange of correspondence with the agency beginning in 1964. The Board disagreed and specifically noted that "appellant's application to reopen her previously denied claim for death pension benefits was most recently denied by the regional office in 1991, when she was provided with a statement of her appellate rights (VA Form 1–4107)." The Board held that any previous attempts to reopen her claim were governed under the previous version of 38 C.F.R. § 3.53(a) because she had no claim pending at the time of the amendment.

Ms. Newell appealed to the Veterans Court. The Veterans Court affirmed the Board's decision, finding "a plausible basis in the record for the Board's finding that appellant received notice of her appellate rights following the March 1991 denial of her claim." Ms. Newell then timely appealed to this court. Here, Ms. Newell argues that the Veterans Court implicitly "relied upon a misinterpretation of the applicable notice requirements of 38 U.S.C. § 4005(a) (1964) and the implementing regulation at 38 C.F.R. § 19.114 as giving the agency discretion to inform claimants of less than all the elements listed therein." Alternatively, Ms. Newell argues that the Veterans Court implicitly relied upon a misinterpretation of 38 U.S.C. §§ 7104(a) and 7252(b) as allowing both the Board and the court to consider material outside the record in determining whether the agency complied with its notice obligations.

## DISCUSSION

### I

Pursuant to 38 U.S.C. § 7292, not every decision entered by the Veterans Court is appealable. Subsection (a) of 38 U.S.C. § 7292 provides this court with jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision

of the Court on a rule of law or of any statute or regulation ... or any interpretation thereof ... that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a) (2000), *amended by* Veterans Benefits Act of 2002, Pub.L. No. 107–330, § 402, 116 Stat. 2820, 2832 (2002). Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000). If an appellant's case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal for lack of jurisdiction. *See Livingston v. Derwinski,* 959 F.2d 224, 225 (Fed.Cir.1992).

## II

■ Ms. Newell first argues that the Veterans Court's finding that she received notice of her appellate rights with the March 1991 letter depends upon a misinterpretation of 38 U.S.C. § 4005 and the implementing regulation at 38 C.F.R. § 19.114. That regulation requires, among other things, that the agency inform a claimant of the right to initiate an appeal and the time frame within which to do so. Ms. Newell specifically contends that the Veterans Court implicitly interpreted the regulation to allow a regional office to provide a claimant with less than all the required notices set forth in the regulation. We disagree.

Ms. Newell's argument necessarily assumes that the regional office did not provide her with her appellate rights when it denied her claim in 1991. The Board explicitly found that she was provided "with a statement of her appellate rights (VA Form 1–4107)." The Veterans Court affirmed that finding on appeal. Ms. Newell does not contend that the information found in Form 1–4107 provides insufficient notice of appellate rights. Without assuming that Ms. Newell did not receive the Form 1–4107, neither the Board nor the Veterans Court was required to interpret the regulation as allowing something less than the required notice. Because the Veterans Court did not rely upon an interpretation of 38 U.S.C. § 4005 or 38 C.F.R. § 19.114 when making its decision, this court does not have an independent basis for jurisdiction over that issue.

## III

■ Ms. Newell alternatively argues that because the actual Form 1–4107 was not found in the claim file, the Veterans Court misinterpreted 38 U.S.C. §§ 7104(a) and 7252(b). Section 7104(a) provides that "[d]ecisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record...." Section 7252(b) provides that "[r]eview in the [Veterans] Court shall be on the record of proceedings before the Secretary and the Board." Ms. Newell contends that the Veterans Court decision relies on information found outside the record. We disagree.

The record contains a March 25, 1991 letter denying Ms. Newell's claim. The letter indicates that Form 1–4107 was enclosed. Based on that, the Board found that Ms. Newell had been informed of her appellate rights. Again, Ms. Newell's arguments assume that she was not provided the Form 1–4107. However, the Board specifically found that the form was given to her, and neither the Board nor the Veterans Court had to interpret its respective jurisdictional statute to allow consideration of evidence outside the record. Ms. Newell argues that the Board's factual determination was based on the presumption of regularity. The Board's decision did not explicitly rely on that doctrine, and

resort to it was not necessary. To the extent that Ms. Newell argues that in this case, the agency's conduct was not sufficiently "regular" to warrant application of the doctrine, she asks us to review the application of law to the facts of her case—an area outside our jurisdiction. Because the Veterans Court decision did not rely upon an interpretation of 38 U.S.C. § 7104(a) or 7252(b), or the presumption of regularity, this court does not have an independent basis for jurisdiction over that issue.

## CONCLUSION

Because no issue is raised that falls within the limited jurisdiction of this court under 38 U.S.C. § 7292, the case is dismissed for lack of jurisdiction.